Baker, Whiteley & Co. *vs.* Gunther.

(Decided 30th March, 1880.)

BERNARD BAKER and others, trading as BAKER, WHITELEY & COMPANY *vs.* HENRY GUNTHER.

*Inadmissibility in Evidence against a Plaintiff of a Contract to which he was not a Party, and which was not Pertinent to the Issue.*

The issue before the jury was whether work was done and materials furnished by the plaintiff to the defendants under a contract between them, for the construction of an embankment for the defendants who occupied a pier on grounds belonging to the Canton Co. The defendants offered in evidence a lease between them and the Canton Co., made after the embankment was begun, for the purpose of showing that it was the Co's duty to construct the embankment. HELD:

That this lease was inadmissible in evidence against the plaintiff.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., MILLER, ALVEY, ROBINSON and IRVING, J.

*E. Calvin Williams* and *William H. Cowan,* for the appellants,

· Cited 1 *Wharton's Ev., sec.* 20, 21, 22; 1 *Greenleaf's Ev., secs.* 50, 51, 53; *Townsend vs. Townsend,* 6 *Md.,* 295; *Cole vs. Hebb's Admr.,* 7 *G. & J.,* 20; *Hanson vs. Campbell's Lessee,* 20 *Md.,* 225; 1 *Phillips on Evidence, (Ed. of* 1859,) 732, *et seq., notes, &c.*

*R. R. Boarman* and *William H. Tuck,* for the appellee,

Cited *Clark vs. State, use, &c.,* 8 *G. & J.,* 111, 125; *Penn. & Del. Co. vs. Dandridge,* 8 *G. & J.,* 248; *Naylor vs. Semmes,* 4 *G. & J.,* 273, 277; *Wells vs. Miller,* 16 *Md.,* 133; *Rogers, et al. vs. Severson,* 2 *Gill,* 385; 1 *Greenleaf's Ev., sec.* 51; *Hollingham vs. Head,* 93 *E. C. L.,* 388.

ROBINSON, J., delivered the opinion of the Court.

The appellants are shippers of coal, occupying a pier on grounds belonging to the Canton Company. They receive the coal by the Union Railroad, with which the pier is connected by a rail track, and the rail track is laid upon an embankment. This suit is brought by the appellee for labor and materials furnished by him in the construction of said embankment.

The plaintiff offered evidence to prove that the embankment was built by him under a special contract with the appellants, and that Baker, one of the firm, gave directions about the work, which was completed in six months, according to plans and specifications of one Kenly, who was employed by the appellants to superintend the work.

The evidence on the part of the appellants tended to prove they never employed the appellee to do the work, and that Baker gave no orders or directions concerning the same. Thus the parties were at issue before the jury on the question of employment, value of services and materials.

In the further progress of the case the appellants offered in evidence a lease between them and the Canton Company, made in April, 1877, after the embankment was begun, for the purpose of showing that according to the terms of the lease, it was the duty of the Canton Company to construct the embankment, and the sole question is whether the the lease was admissible in evidence.

Conceding for the purposes of this case that the Canton Company was bound by the lease to construct the embankment, it is difficult to imagine upon what principle the lease could be offered in evidence in a suit between the appellants and the appellee. It was a contract to which he was not a party, and of which he had no knowledge, and by the terms of which he was in no manner bound.

If he had been told before the work was begun, that the Canton Company was to build it, and that he must look to the Company for the payment of its construction, a different question might have been presented.

If there was any obligation on the part of the Company to make the improvement, it was an obligation which the appellants and not the appellee could enforce.

Moreover, whatever might have been the contract between the appellants and the Company in regard to the embankment, it did not prevent the former from employing the appellee to do the work, and if they contracted with him, with, or without the Company's consent, they are liable in this action, unless the appellee agreed at the time to look to the Company for payment.

Be this as it may, it is very clear that the lease between the appellants and the Company, could not be offered in

evidence against the appellee.    It tended in no manner to prove or shed any light upon the issue before the jury, namely, whether the work was done, and the materials furnished under a contract between the appellants and the appellee.

For these reasons the judgment below will be affirmed.

*Judgment affirmed.*

(Decided 30th March, 1880.)